# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3222
_____

Wayne B. Holstad; Northwest Title Agency, Inc.

*Petitioners - Appellants*

v.

United States Department of Labor

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: June 6, 2022
Filed: June 17, 2022
[Unpublished]

_____

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Wayne Holstad and Northwest Title Agency, Inc. (Northwest) appeal the
district court's[1] affirmance of a decision of the Department of Labor's Administrative

_____

[1]The Honorable Susan Richard Nelson, United States District Judge for the
District of Minnesota.

Review Board (ARB), which found that they had violated the Service Contract Act (SCA) and ordered them to pay outstanding fringe benefits.

Upon careful review, see Northport Health Servs. of Ark., LLC v. United States HHS, 14 F.4th 856, 866 (8th Cir. 2021) (appellate court reviews de novo district court's decision on whether agency action violated Administrative Procedure Act); Williams v. United States Dep't of Labor, 697 F.2d 842, 844 (8th Cir. 1983) (noting narrow standard of review in SCA cases); 5 U.S.C. § 706(2)(A) (reviewing court shall hold unlawful and set aside agency action, findings, and conclusions that are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law); 41 U.S.C. §§ 6707(a), 6507(e) (administrative findings of fact in SCA proceedings are conclusive in federal court if supported by preponderance of evidence), we reject appellants' arguments for reversal. Specifically, we conclude that the ARB did not err in concluding that Northwest violated the SCA's fringe benefits requirement by failing to pay its employees required health and welfare benefits, see 41 U.S.C. § 6703(2) (providing that federal contractors must pay service employees engaged in the performance of contract work certain fringe benefits); that Holstad was a "party responsible" under the statute, see 41 U.S.C. § 6705(a) ("A party responsible for a violation of a contract provision required under [the SCA] is liable for an amount equal to the sum of any deduction, rebate, refund, or underpayment of compensation due any employee engaged in the performance of the contract."); and that the administrative complaint was timely, see 29 C.F.R. 4.187(c) (SCA is not subject to statute of limitations in Portal-to-Portal Act, and contains no prescribed period within which action must be instituted).

Accordingly, we affirm.

_____